**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiffs, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Canute Flo and Kla Thompson, on behalf of themselves and all other persons similarly situated,<br><br>           Plaintiffs,<br><br>        - vs. –<br><br>Campos Group, Inc., Limiona, Inc., Kamari Group Inc., Chris Tsambouniaris, and John Does #1-10,<br><br>           Defendants. | DOCKET NO. 20-CV-2506<br><br>**COMPLAINT** |

Plaintiffs Canute Flo and Kla Thompson, by and through their undersigned attorneys, for their complaint against Campos Group, Inc., Limiona, Inc., Kamari Group Inc., Chris Tsambouniaris, and John Does #1-10, allege as follows, on behalf of themselves and on behalf of all other persons similarly situated:

## <u>NATURE OF THE ACTION</u>

1.     Plaintiffs allege on behalf of themselves and on behalf of other similarly situated current and former employees of defendants Campos Group, Inc., Limiona, Inc., Kamari Group Inc., Chris Tsambouniaris, and John Does #1-10, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law; and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.     Plaintiffs further complain on behalf of themselves and on behalf of a class of other similarly situated current and former employees of defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to (i) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (ii) liquidated damages pursuant to New York Labor Law for these violations; and (iii) compensation for defendants' violations of the Wage Theft Prevention Act.

## **THE PARTIES**

3.  Plaintiff Canute Flo is an adult individual residing in the Bronx, New York.

4.  Plaintiff Kla Thompson is an adult individual residing in Staten Island, New York.

5.  Plaintiffs consent in writing to be parties to this action pursuant to 29 U.S.C. § 216(b); their written consents are attached hereto and incorporated by reference.

6.  Upon information and belief, defendant Campos Group, Inc. is a New York corporation with a registered address of 54-41 Arnold Avenue, Maspeth, New York.

7.  Upon information and belief, defendant Limiona, Inc. is a New York corporation with a registered address of 82-07 7th Avenue, Brooklyn, New York.

8.  Upon information and belief, defendant Kamari Group Inc. is or was a New York corporation with a registered address of 82-07 7th Avenue, Brooklyn, New York.

9.  At relevant times, defendants Campos Group, Inc., Limiona, Inc., and Kamari Group Inc. (collectively, "the Construction Companies") were employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

10.    Upon  information  and  belief,  at  relevant  times, the Construction Companies, individually and collectively, have had gross annual revenues in excess of $500,000.00.

11.    Upon  information  and  belief,  at  all  relevant times  herein,  the  Construction  Companies  have  used  goods and  materials  produced  in  interstate  commerce,  and  have employed  at  least  two  individuals  who  handled  such  goods and materials.

12.    Upon  information  and  belief,  at  all  relevant times,  the  Construction  Companies  shared  common  ownership and  management,  common  offices  and  personnel,  and  operated for a common business purpose.

13.    For  example,  Limiona  and  Kamari  share  the  same business  address  and  management  on  paper,  but  all  three companies  shared  the  employment  of  plaintiffs,  with different  entities  issuing  pay  to  plaintiffs  at  different times.

14.    Upon  information  and  belief,  at  all  relevant times,  the  Construction  Companies  have  constituted  a  single "enterprise" as defined in the FLSA.

15.    Upon  information  and  belief,  at  all  relevant times  each  of  the  defendants  constituted  joint  employers  of plaintiffs  within  the  meaning  of  the  FLSA  and  NYLL,  in  that

each of the defendants controlled the terms and conditions of plaintiffs' employment.

16.  Upon information and belief, the Construction Companies were alter egos of each other.

17.  Upon information and belief, defendant Chris Tsambouniaris is an owner or part owner and principal of the Construction Companies, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

18.  Defendant Chris Tsambouniaris was involved in the day-to-day operations of the Construction Companies and played an active role in managing the businesses.

19.  Upon information and belief, defendants John Does #1-10 represent the other owners, officers, directors, members, and/or managing agents of the Construction Companies, whose identities are unknown at this time, who participated in the day-to-day operations of Defendants, who have the power to hire and fire employees, set wages and schedules, and retain their records, and who constitute "employers" pursuant to the FLSA, New York Labor Law, and federal and state implementing regulations.

20.  Defendants all constituted "employers" of Plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

21.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

22.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' businesses are located in this district and the underlying causes of action arose in this district.

## COLLECTIVE ACTION AND CLASS ACTION ALLEGATIONS

23.  Pursuant to 29 U.S.C. § 207, plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of themselves and a collective defined as follows:

> All persons who are or were employed by defendants in the United States as construction workers at any time since June 3, 2017, to the entry of judgment in this case (the "Collective Action Period"), and who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

24.  Pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), plaintiffs seek to prosecute their New York Labor Law claims on behalf of themselves and a class defined as follows:

All persons who are or were employed by defendants in New York as construction workers at any time since June 3, 2014, to the entry of judgment in this case (the "Class Period"), and who were not properly paid overtime compensation, and/or who were not provided with appropriate wage notices or weekly wage statements (the "Class Members").

25. Prosecution of this matter as a class is necessary because the persons in the putative Class identified above are so numerous that joinder of all members is impracticable.

26. Although the precise number of such persons is unknown, their identities are readily ascertainable from records within the sole control of defendants, and upon information and belief there are more than 40 members of the putative class during the Class Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

27. Plaintiffs will fairly and adequately protect the interests of both the putative Class Members and the Collective Action Members and have retained counsel who are experienced and competent in the fields of employment law and class action litigation.

28. Plaintiffs' claims are typical of the claims of the putative Class and Collective Action Members, and they

have no interests that are contrary to, or in conflict with, those of the putative members of this class action or collective action.

29. Furthermore, inasmuch as the damages suffered by individual putative Class Members and Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the putative class and collective actions to individually seek redress for the wrongs done to them.

30. Questions of law and fact common to the members of the putative class and collective actions predominate over questions that may affect only individual members because defendants have acted on grounds generally applicable to all members.

31. Among the common questions of law and fact under the FLSA and New York wage and hour laws common to plaintiffs and other putative Class/Collective Action Members, and that will generate common answers, are the following:

    a. Whether defendants failed and/or refused to pay the plaintiffs and the Collective Action Members premium pay for hours worked in excess of forty per workweek, in violation of the FLSA and the regulations promulgated thereunder;

8

b.  Whether defendants failed and/or refused to pay
the plaintiffs and the putative Class Members
premium pay for hours worked in excess of forty
per workweek, in violation of New York wage and
hour laws and the regulations promulgated
thereunder;

c.  Whether defendants failed and/or refused to
provide the plaintiffs and the putative Class
Members with the wage notices and the weekly pay
statements required by New York Labor Law §§
195.1, 195.3, and the Wage Theft Prevention Act;

d.  Whether defendants' violations of the FLSA were
willful, or not made in good faith, as those
terms are used within the context of the FLSA;
and

e.  Whether defendants' violations of New York Labor
Law were willful, or not made in good faith, as
those terms are used within the context of New
York Labor Law.

32.  Plaintiffs know of no difficulty that will be
encountered in the management of this litigation that will
preclude its maintenance as a collective action or class
action.

33.   The Collective Action Members are similarly situated to Plaintiffs in that they were employed by the Construction Companies as non-exempt construction workers and laborers, and were denied premium overtime pay for hours worked beyond forty hours in a week.

34.   They are further similarly situated in that the Construction Companies had a policy and practice of knowingly and willfully refusing to pay them overtime.

35.   The plaintiffs and the Collective Action Members and Class Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by the Construction Companies.

36.   The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

37.   At all relevant times herein, defendants owned and operated construction companies that were engaged in numerous construction projects around New York City, including Queens, the Bronx, Manhattan, and Staten Island.

38.   Canute Flo was employed as a plasterer, from roughly January 2015 through July 2017.

39. Kla Thompson was employed as a laborer and carpenter, from approximately August 2013 through June 2017.

40. Plaintiffs' work was performed in the normal course of defendants' businesses and was integrated into the businesses of defendants, and did not involve executive or administrative responsibilities.

41. At all relevant times herein, plaintiffs were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

42. Plaintiffs each routinely worked six days per week — every day except Sunday — throughout their employment.

43. Plaintiff Canute Flo generally worked eight-hour days; as a result, he typically worked 48 hours per week each week of his employment.

44. Plaintiff Kla Thompson generally worked 10 hour days; as a result, he worked about 60 hours per week each week of his employment.

45. Defendants did not provide a time clock, time sheet, or any other method for employees to track their time worked.

46.   Plaintiffs were paid day rates throughout their employment.

47.   In 2015, Canute Flo was paid at a rate of $180 per day; in roughly the beginning of 2017, he received a raise to $190 per day.

48.   Mr. Thompson was paid at a rate of $100 per day when he first started working for defendants, but received a raise to $120 per day in or about 2015.

49.   Plaintiffs were paid at these regular rates of pay for all their hours worked, regardless of the number of hours they worked in a week.

50.   As a result, the Construction Companies failed to pay plaintiffs any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

51.   Defendants' failure to pay Plaintiffs the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

52.   For example, Mr. Flo asked his boss about being paid overtime, and an individual named "John" who had originally hired him to work for the Campos Group said that they couldn't afford to pay overtime.

53.  Plaintiffs were generally paid by check, but the checks were business checks rather than payroll checks, and the checks were issued arbitrarily by one or another of the Construction Companies with no explanation to plaintiffs as to why.

54.  Although plaintiffs were paid by check, because the checks were business checks rather than payroll checks, they were not accompanied by paystubs or wage statements that provided the information required by New York law, such as regular and overtime hours worked and regular and overtime pay.

55.  Defendants' failure to provide plaintiffs with weekly records of their compensation and hours worked was a violation of the Wage Theft Prevention Act.

56.  Defendants failed to provide plaintiffs with written notices providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information and plaintiffs' regular and overtime rates, in violation of the Wage Theft Prevention Act.

57.  Upon information and belief, throughout the period of plaintiffs' employment, both before that time (throughout the Class and Collective Action Periods) and continuing until today, defendants have likewise employed

other individuals like Plaintiffs (the Class and Collective Action Members) in positions at defendants' construction companies that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

58.  Specifically, plaintiffs are aware that dozens of other employees of the Construction Companies were employed with them at construction sites at any one time.

59.  Upon information and belief, these other individuals have also worked in excess of forty hours per week, yet the Construction Companies have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate, in violation of the FLSA and the New York Labor Law.

60.  Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

61.  Upon information and belief, while defendants employed plaintiffs and throughout all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

62. Upon information and belief, while defendants employed plaintiffs and through all relevant time periods, defendants failed to post or keep posted accurate notices explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

<u>**COUNT I**</u>

**(Fair Labor Standards Act - Overtime)**

63. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

64. At all relevant times, defendants employed plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

65. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

66. As a result of defendants' willful failure to compensate their employees, including plaintiffs and the Collective Action Members, at a rate at least one-and-one-half times their regular rates of pay for work performed in excess of forty hours per workweek, defendants have

violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

67.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

68.  Due to defendants' FLSA violations, plaintiffs and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law - Overtime)

69.  Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

70.  At all relevant times, plaintiffs and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

71.  Defendants willfully violated the rights of plaintiffs and the members of the Class by failing to pay them overtime compensation at rates at least one-and-one-

half times their regular rates of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R § 142.

72.  Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

73.  Due to defendants' New York Labor Law violations, plaintiffs and the members of the Class are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (New York Labor Law – Wage Theft Prevention Act)

74.  Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

75.  At all relevant times, plaintiffs and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

76.  Defendants willfully violated the rights of plaintiffs and the members of the Class by failing to

17

provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

77. Defendants willfully violated the rights of plaintiffs and the members of the Class by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

78. Due to defendants' New York Labor Law violations relating to the failure to provide paystubs, plaintiffs are entitled to recover from the defendants statutory damages of $100 per week through February 26, 2015, and $250 per day from February 27, 2015 through the end of their employment, up to the maximum statutory damages.

79. Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, plaintiffs are entitled to recover from the defendants statutory damages of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of their employment, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs, on behalf of themselves and the members of the collective and class actions, respectfully request that this Court grant the following relief:

a.  Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on behalf of members of the Class and appointing plaintiffs and their counsel to represent the Class;

b.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiffs and their counsel to represent the Collective Action members;

c.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d.  An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

f.  An award of liquidated damages as a result of defendants' willful failure to pay statutory overtime compensation pursuant to 29 U.S.C. § 216;

g.  Liquidated damages for defendants' New York Labor Law violations;

h.  Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

i.  Back pay;

j.  Punitive damages;

k.  An award of prejudgment and postjudgment interest;

l.  An award of costs and expenses of this action
    together with reasonable attorneys' and expert
    fees; and

m.  Such other, further, and different relief as
    this Court deems just and proper.

Dated:   June 3, 2020


_____
David Stein
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiffs,
*Individually and on behalf of*
*others similarly situated*

# EXHIBIT A

**CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Campos Group, Inc., et al., and their owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Canute Flo

Date: November 7, 2017

**CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Campos Group, Inc., et al., and their owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Kla Thompson

Date:  December 5, 2017